**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT

August    11              201
Roberta D. Tabora, Clerk
By
Deputy Clerk

---

*Abraham A. Ribicoff Federal Building*        (860) 947-1101
*450 Main Street, Room 328*                   *Fax (860) 240-3291*
*Hartford, Connecticut 06103*                 www.usdoj.gov/usao/ct

July 7, 2009

James Swaine, Esq.
18 Trumbull Street
New Haven, CT 06510

Re:    **United States v. Steven Lopez**
       **Criminal No. 3:09    (    )**    3:09cr154 (SRU)

Dear Mr. Swaine:

This letter confirms the plea agreement entered into between your client, Steven Lopez (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

Steven Lopez ("the defendant") agrees to plead guilty to Counts One and Two of the Information charging him with Possession with Intent to Distribute 500 Grams or More of Cocaine, in violation of Title 21, United States Code, Section 841 (a)(1) and (b)(1)(B)(iii) and Use or Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). He understands that to be guilty of these offenses the following essential elements must be satisfied:

### Possession with Intent to Distribute 500 Grams or More of Cocaine

1.     That the defendant knowingly and willfully possessed more than 500 grams of cocaine; and

2.     That the defendant possessed the cocaine with the intent to distribute it.

### Use or Possession of a Firearm in Furtherance of a Drug Trafficking Crime

1.     That the defendant committed a drug trafficking offense or crime of violence, as set forth in Count One of the Information; and

2.     That the defendant knowingly used or carried a firearm during or in relation to the

commission of that crime.

## THE PENALTIES

### Possession with Intent to Distribute 500 Grams or More of Cocaine

This offense carries a mandatory minimum term of imprisonment of five (5) years, with a maximum term of forty (40) years of imprisonment, and a $2,000,000 fine.  Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least four (4) years and as much as life.  The defendant understands that should he violate any condition of supervised release during its term, he may be required to serve a further term of imprisonment of up to three (3) years with no credit for the time already spent on supervised release.

### Possession of Firearm in Furtherance of Drug Trafficking Crime

This offense carries a maximum sentence of life imprisonment with a mandatory minimum sentence of five (5) years consecutive to the underlying period of incarceration on the drug trafficking offense per 18 U.S.C. § 924(c)(1)(A)(i), and a $250,000 fine.  In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 5 years, to begin at the expiration of any term of imprisonment imposed.  The defendant understands that should he violate any condition of supervised release during its term, he may be required to serve a further term of imprisonment of up to 5 years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provisions of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $2,000,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction.  The defendant agrees to pay the special assessment to the Clerk of the Court on the day he is sentenced.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date.  18 U.S.C. § 3612(f).  Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

Forfeiture

Pursuant to 18 U.S.C. § 3665, the defendant agrees to forfeit his interest in the Ruger nine millimeter semi-automatic pistol, model P85MKII, with serial number 30261675 and

2

ammunition (hereinafter collectively the "firearm"). The defendant acknowledges that he possessed the firearm in violation of 18 U.S.C. §§922(g) and 924(c)(1) and therefore the firearm is subject to forfeiture.

The defendant agrees to waive all interests in the firearm , in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the firearm and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the firearm covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### 1.    Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. See United States v. Booker, 125 S.Ct. 738 (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

### 2.    Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court

pursuant to §3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### 3.    Guideline Stipulation

The Government and the defendant stipulate that the base offense level under U.S.S.G. § 2D1.1(c)(7) is 26, as the conduct that forms the basis of the offense to which defendant is pleading guilty, including relevant conduct, involves an amount of cocaine of more than 500 grams but less than 2 kilograms. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 23.

Based on the information available to the Government at this time, including representations by the defendant, the defendant's criminal history category is believed by the parties to be CHC III. At a total offense level 23 and criminal history category III, the defendant's Sentencing Guideline range is 57-71 months imprisonment, which by virtue of the applicable mandatory minimum sentence becomes 60-71 months, and the applicable fine range is $10,000 to $2,000,000. U.S.S.G. § 5E1.2. However, a consecutive sentence of 60 months is agreed and stipulated to by the parties in accordance with 18 U.S.C. § 924(c)(1)(A)(i) and U.S.S.G. §§ 2K2.4(b) and 5G1.2 of the Sentencing Guidelines for a total sentencing range of 120 months to 131 months imprisonment.

Neither party will seek any further adjustments to the guidelines calculation set forth herein. The defendant reserves the right to seek any departures that he believes may be applicable and further reserves the right to advocate the imposition of a non-guidelines sentence. The Government reserves the right to oppose any such requests. In further consideration of the defendant's guilty plea, the Government agrees to forego the filing of a second offender information pursuant to 21 U.S.C. Section 851 to the extent the defendant has a qualifying prior conviction for a "felony drug offense."

4

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. He also understands that the parties' calculations regarding his criminal history category are subject to final determination by the Court. The defendant further expressly understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside of the Guideline and fines range set forth in this agreement or if the Court calculates his criminal history category to be a different level.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

### 4.    Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed **120** months, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

### 5.    Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

5

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offenses set forth in the information before an indictment could be returned. The defendant expressly acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in

its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant

understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the events which form the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

S. DAVE VATTI
ASSISTANT UNITED STATES ATTORNEY

8

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          7/7/2009
STEVEN LOPEZ                              Date
The Defendant


I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          7/7/2009
JAMES SWAINE, ESQ.                        Date
Attorney for the Defendant